Mr. Justice Clayton
delivered the opinion of the court.
This case was formerly in this court, and is reported 8 S. & M. 92. That decision, however, has but little connection with the point now in controversy.
The appellants obtained a judgment in the circuit court of Carroll county against Jeremiah Hendricks, on which an execution was issued, which was levied upon two slaves that were claimed by John Hendricks. The latter gave bond to try the right of property with Pass, the appellee, his surety. After this suit had been continued for several years, judgment was finally rendered against the claimant. Suit was afterwards brought against Pass upon the bond, and judgment rendered against him. This bill was subsequently filed by Pass enjoining the judgment, upon the ground that there was not a full and fair trial of the right of property at law, that the claimant was absent from the state at the time, and that his witnesses were not in attendance. It was also alleged, that in a suit between the Union Bank and Jeremiah and John Hendricks, a decree was rendered in the vice-chancery court, that the slaves in controversy were subject to a mortgage to the Union Bank, prior in date to the judgment of the appellants. The bill farther states, that at the time.of the judgments against him npon his bond, he was ignorant of the facts, which, as he alleges, now entitle him to relief.
The1 deposition of one of the witnesses, Jeremiah Hendricks, was taken, who swore that he was absent from the trial at law, because of high water. No excuse was offered for the absence of the claimant, except that he was in attendance upon medical lectures in Kentucky. No attempt was made to defend the suit upon the bond by Pass, because of any error in the judgment upon the trial of the right of property.
The rule is now well established, that equity can give no relief after á judgment at law, if the party might have made *160 the defence at law; unless he was prevented from making the defence by the fraud of the opposite party, or by some occurrence without fault or negligence on his own part, or unless the opposite party should fail, in a case of concurrent jurisdiction, to set up the judgment law as a bar to the relief sought in equity. Selser v. Ferriday et al., 13 S. & M. 698; Endicott v. Penny, ante, 144.
So far from the failure to make out the case at law, being free from the imputation of negligence in this instance, there appears to have been a total abandonment of all necessary attention. No preparation was made for the trial. No evidence was procured. The claimant himself was absent from the state, and giving no apparent attention to the suit. The present complainant seems to have lost sight of it entirely.
The law is made for the vigilant, not for the slothful. That is, the law will not take from the attentive an advantage-obtained without unfairness, to bestow it upon the inattentive and the negligent. This court could not deprive the party of his judgment at law, obtained without fraud, without overriding the settled distinctions between law and equity.
As to the decree of the vice-chancery court in the case of the Union Bank v. Hendricks, rendered after the judgment against Pass, by which the mortgage of that bank was pronounced to be good against Hendricks, the appellants cannot be affected thereby, because they were not parties to it. It might have been good against them, and yet not good against a bond fide creditor, obtaining even a subsequent judgment. Bufas to this we are not called on to make a decision. Nor can we undertake to decide, if there is any conflict between the decisions of the vice-chancery court and the circuit court, which is correct, for’ the plain reason that no appeal was taken from either. Both-decisions were acquiesced in, and we cannot examine them in a collateral way in a case such as this.
It may be that there ought not to have been any judgment at law against the present complainant. But the facts on which-he rests his claim to relief in equity, were either known to him, or might have been ascertained by the exercise of reasonable *161 diligence. Under such circumstances equity cannot interpose. Lee v. Hooker, 7 S. & M. 601.
The decree of the court below, granting a perpetual injunction to the judgment at law, is reversed, and the bill dismissed.
Decree reversed.